


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA




**SIXTH SUPERSEDING BILL OF INFORMATION FOR VIOLATIONS OF THE HOBBS ACT AND THE FEDERAL GUN CONTROL ACT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-012** |
| **v.** | * | **SECTION: "J"** |
| **CLARENCE R. SINGLETON a/k/a "Smurf"** | * | **VIOLATIONS: 18 U.S.C. § 924(o)<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 1951(a)<br>18 U.S.C. § 2** |
| | * | |
| | * | |

* * *

The United States Attorney charges that:

**COUNT 1**
**(Conspiracy to Use Firearms in Furtherance of Drug Trafficking Crimes and Crimes of Violence)**

Beginning on a date unknown, but prior to June 1, 2010, and continuing to on or about May 23, 2015, in the Eastern District of Louisiana and elsewhere, the defendant, **CLARENCE R. SINGLETON, a/k/a "Smurf,"** did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the United States Attorney, to use, carry, brandish, and discharge firearms during and in relation to a drug trafficking crime, for

X Fee USA
__ Process____
X Dktd____
__ CtRmDep____
__ Doc. No.____

which he may be prosecuted in a court of the United States, to wit: a conspiracy to possess with the intent to distribute heroin and cocaine hydrochloride, in violation of Title 21, United States Code, Section 846 and during and in relation to crimes of violence, to wit: Hobbs Act Robberies and Violent Crimes in Aid of Racketeering, in violation of Title 18, United States Code, Sections 1951, 1959, and 924(c); all in violation of Title 18, United States Code, Section 924(o).

**COUNT 2**
**(Conspiracy to commit Hobbs Act Robbery)**

**A. THE CONSPIRACY:**

Beginning at a time unknown, but at least by on or about May 1, 2012, and continuing until on or about May 1, 2015, in the Eastern District of Louisiana, the defendant, **CLARENCE R. SINGLETON, a/k/a "Smurf,"** did knowingly combine, conspire, confederate and agree with other persons known and unknown to the United States Attorney, to take and obtain personal property consisting of illegal drugs and proceeds of drug trafficking, by means of actual and threatened force, violence and fear of injury, from the persons and presences of individuals engaged in an activity affecting commerce, and thereby did unlawfully affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3);

**B. MANNER AND MEANS OF THE CONSPIRACY:**

1. As part of the conspiracy the conspirators would and did occupy different roles in the conspiracy in order to accomplish the ultimate shared goal of the conspiracy. The conspirators planned and conducted burglaries of residences as a precursor to the robbery by force and intimidation of individuals known by them to be drug dealers. The purpose of the robberies was to deprive the victims of the proceeds of their drug trafficking; including cash and other valuable properties acquired with drug cash, and drugs including heroin, marijuana,

cocaine hydrochloride, cocaine base "crack" and other controlled substances, including prescription pills for the financial benefit of the conspirators.

2. It was further part of the conspiracy that the conspirators committed burglaries, shootings, various firearms offenses, and violent acts, including but not limited to murder, attempted murder, kidnapping, armed robbery, illegal possession of a firearm, aggravated battery, and aggravated assault in order to maintain and advance the goals of the conspiracy; all in violation of Title 18, United States Code, Sections 1951(a).

**NOTICE OF HOBBS ACT FORFEITURE**

1. The allegations of Count 2 of this Sixth Superseding Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1951 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Count 2, the defendant, **CLARENCE R. SINGLETON, a/k/a "Smurf"**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1951.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1951 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

**NOTICE OF GUN FORFEITURE**

1. The allegations of Count 1 of this Sixth Superseding Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Count 1, the defendant, **CLARENCE R. SINGLETON, a/k/a "Smurf"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1) and 924(j), as alleged in Count 1 of the Sixth Superseding Bill of Information.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 924(d)(1).

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

Michael M. Simpson
Assistant United States Attorney
Louisiana Bar Roll No. 12299

New Orleans, Louisiana
April 27, 2016

*No.* 15-012, "J"

# United States District Court

FOR THE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

*vs.*

CLARENCE R. SINGLETON

SIXTH SUPERSEDING BILL OF INFORMATION FOR VIOLATIONS OF THE HOBBS ACT AND THE FEDERAL GUN CONTROL ACT

Violation(s): 18 U.S.C. § 924(o), 18 U.S.C. § 924(c)
18 U.S.C. § 1951(a), 18 U.S.C. § 2

*Filed* ______________________, *20* 16

______________________, *Clerk.*

*By* ______________________, *Deputy*

Michael M. Simpson

*Assistant United States Attorney*