UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 15-12 |
| CLARENCE SINGLETON | SECTION: "J" (4) |

## ORDER & REASONS

Before the Court is a *Motion to Vacate Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 632)**, filed by Defendant, Clarence Singleton ("Singleton") and an opposition thereto (Rec. Doc. 637) by the United States of America. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Singleton's conviction and sentencing stem from his involvement with a criminal gang known as the Mid-City Killers. The Mid-City Killers engaged in various criminal activity, such as home invasions, robbing drug dealers, attempted murder and conspiring to distribute controlled substances. In April 2016, Singleton was charged in a three-count Fifth Superseding Bill of Information with 1) conspiring to use firearms in relation to drug trafficking crimes, 2) conspiring to commit Hobbs Act Robbery, and 3) actual discharge of firearms during a drug trafficking crime and a crime of violence. (Rec. Doc. 225).

Later that month, Singleton pled guilty, sans plea agreement, to a two-count sixth superseding Bill of Information that contained the two conspiracy counts but omitted the Count 3 firearms charge. (Rec. Doc. 226). The Court found that the calculated guidelines range in the PSR of 235-290 months was accurate and further agreed that the statutory maximum capped the guidelines at 235-240 months. On September 17, 2016, the Court sentenced Singleton to concurrent sentences of 240 months on both conspiracy counts.

On November 28, 2016 Singleton timely filed a notice of appeal from his final judgment and sentence. Singleton presented two issues on appeal. First, he argued the language of the factual basis was insufficient as a matter of law to constitute a violation of 18 U.S.C. § 924(o), the conspiracy to use firearms in furtherance of a drug trafficking crime statute. *United States v. Singleton*, 707 F. Appx. 298, 299 (5th Cir. 2017). Second, Singleton argued that this Court adopted an incorrect guidelines calculation by applying the 2K2.1 cross-reference in order to use the 2A2.1 attempted murder guideline to establish his base guideline. *Id.*[1] Finding that Singleton failed to properly raise either argument before this Court, the Fifth Circuit analyzed both arguments under a plain error standard and ultimately affirmed Singleton's conviction and sentencing. *Id.*

On August 13, 2019 Singleton filed his present motion. No doubt based in large part on the Fifth Circuit's use of plain error review, Singleton now urges the Court to vacate his sentence for ineffective assistance of counsel. Singleton essentially

---

[1] The attempted murder of rival drug dealers is one of the underlying conduct offenses included in Singleton's conspiracy to use a firearm to commit drug trafficking crimes.

2

reargues the same two issues he raised on appeal, the only difference being Singleton's present basis for relief is that his counsel's assistance was ineffective during the initial proceedings before the Court by not objecting to the factual basis or guidelines calculation.

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government

to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

## DISCUSSION

### I. WHETHER SINGLETON'S SECTION 2255 MOTION IS TIMELY

The Court must first address the timeliness of Singleton's Section 2255 motion. Section 2255 motions are subject to a 1-year period of limitations. In general, that period begins to run from the date the "judgment of conviction becomes final." 28 U.S.C. § 2255.[2] Where a defendant has sought appellate review, as is the case here,

---

[2] Technically the 1-year period of limitations runs from the latest of the following: 1)the date on which the judgment of conviction becomes final; 2)the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court; and 4)the date on which the facts

"a judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

A petition for *writ of certiorari* must be filed within 90 days after entry of appellate court judgment, not mandate. Sup. Ct. R. 13. An exception is made if the petitioner timely files for rehearing in the appellate court. In that case, the 90-day window runs from "date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." *Id.* Here, the Fifth Circuit denied Singleton's petition for en banc rehearing on February 7, 2018. (App. Rec. Doc. 106). This means that Singleton's Section 2225 motion was due on May 8, 2019, one year and ninety days from the denial of his rehearing request. An inspection of Singleton's original motion to vacate evidences a stamp from the U.S. Penitentiary in Lee County, Virginia dated May 8, 2019. (Rec. Doc. 630 at p. 2). Thus, this original motion was within the 2255 statute of limitations.

The related question is how to treat this original motion, given that the motion was vacated because of a deficiency. (Rec. Doc. 630). Singleton was notified of the motion's deficiency on May 16, 2019, and informed he had until June 2, 2019 to remedy his deficient pleading (Rec. Doc. 631). Had Singleton remedied his pleading by June 2, 2019 there would be no doubt his Section 2255 motion was timely. However, Singleton waited until August to file a new Section 2255 motion to vacate. (Rec. Doc. 632). The Court is thus presented with the question of determining

---

supporting the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C. § 2255*. Here, only the final judgment of conviction timeframe is applicable.

whether Singleton's original timely Section 2255 motion, terminated due to deficiency, tolled the Section 2255 statute of limitations so as to save his second motion to vacate that was filed in August of 2019.

There is some support for the conclusion that a vacated deficient motion should be considered to never have been filed in the first place. *See Vedol v. Jacobs Entertainment, Inc.*, 436 Fed. Appx. 409 (5th. Cir. 2011). If the Court adopts this view, then Singleton's Section 2255 motion will be time-barred. However, out of an abundance of caution and cognizant of the existence of equitable tolling in 2255 habeas petitions, the Court will address Singleton's substantive claims. *See U.S. v. Wynn*, 292 F.3d 226 (5th. Cir. 2002).

## II. WHETHER THE FAILURE OF SINGLETON'S COUNSEL TO OBJECT TO THE FACTUAL BASIS CONSTITUTED INEFFECTIVE ASSISTANCE

To prevail on his claim of ineffective assistance of counsel, Singleton must show that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). A voluntary guilty plea waives all claims for ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to

have rendered the guilty plea involuntary." *U.S. v. Ginsey,* 209 F.3d 386, 392 (5th. Cir. 2000).

Thus, to ultimately succeed on an ineffective assistance claim, the petitioner "must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Construing Singleton's *pro se* § 2255 motion liberally, the Court finds that Singleton is not entitled to relief regarding his claim of ineffective assistance of counsel because he has not shown either deficient performance or actual prejudice.

Singleton first argues that his counsel's performance was deficient in failing to object to certain aspects of the Factual Basis, specifically the multiple references contained therein to conspiracy to use firearms as well as the allegation of attempted murder. (Rec. Doc. 230). Singleton maintains that he "refused to admit to participation in the criminal activities of Gregory Denson's group [the Mid-City Killers]," apart from his admitted involvement in the home invasion/robbery of drug dealer John Jones (Rec. Doc. 632 at 5). Moreover, Singleton stresses that he never admitted to using firearms or being involved in a conspiracy that involved the use of firearms. Contrary to these the assertions, the Factual Basis, signed by Singleton, reads in relevant part, "Singleton…engaged in, among other things, home invasions, robbery of drug dealers, conspiracy to distribute controlled substances, attempted murder, and other acts of violence in the city of New Orleans…carrying numerous firearms." (Rec. Doc. 230 at 2).

7

The transcript from Singleton's rearraignment does not support Singleton's argument that he never admitted to using firearms or being involved in a conspiracy to commit attempted murder. During rearraignment the Court read aloud the charges to Singleton and asked Singleton if he understood the nature of the charges. (Rec. Doc. 344 at 8). For the purposes of ensuring a defendant understands the charges he is pleading guilty to, it is sufficient for the Court to read aloud the charges to the defendant and personally ask the defendant if he understands the nature of the charges. *See United States v. Corbett*, 742 F.2d 173, 180 (5th. Cir. 1984) (per curiam). Regarding the factual basis, the document Singleton claims contains multiple references to acts he never admitted to, the Court and Singleton had this exchange:[3]

The Court: Mr. Singleton, did you read this four-page statement, Factual Basis statement, before you signed it?

Singleton: Yes sir.

The Court: Did you also discuss it with Mr. Duffy before you signed it?

Singleton: Yes sir.

---

[3] The following is taken from the official appellate transcript. (Rec. Doc. 344).

The Court: Do you understand that this is a summary of what the Government's evidence against you would be if your case went to trial?

Singleton: Yes sir.

The Court: Do you admit that what is set forth in this document is what you did in this case?

Singleton: Yes sir.

Although Singleton fails to address his admissions in open court directly, he obliquely attempts to justify them by stating that "he barely had time to read the Factual Basis before the rearraignment began," and that the only reason he agreed to the Factual Basis as presented was his attorney failed to inform of the consequences such a Factual Basis could entail.(Rec. Doc. 632 at 5).[4] Such assertions, absent any further proof, are insufficient to overcome the strong presumption of veracity his testimony in open court carried. *See Deville v. Whitley*, 21 F.3d 654, 658 (5th. Cir. 1994). The Court further notes that Singleton was explicitly told by the Court he had permission to ask the Court for any clarification necessary, as well as permission to speak to his attorney before responding to any of the Court's questions (Rec. Doc. 348 at 4). Singleton did not avail himself of either opportunity.

---

[4] Singleton uses his refusal to plead to the Fifth Superseding Bill of Information (Rec. Doc. 225), which included a charge for discharging a firearm during and in relation to a drug trafficking crime, as support for this contention.

9

Thus, there was no reason for Singleton's attorney to object to the Factual Basis, because Singleton himself admitted to it in open court. Any objection by counsel to the accuracy of the Factual Basis would have been baseless. *See United States v. Kimler*, 167 F.3d 889, 892-93 (5th. Cir. 1999) (holding that failure to raise a meritless objection cannot give rise to a successful claim of ineffective assistance of counsel). Additionally, counsel's failure to object was not prejudicial as the Court "addressed [defendant] personally in open court pursuant to Rule 11]" and determined that Singleton was voluntarily entering his pleas. *Glinsey*, 209 F.3d at 397.

III. **WHETHER THE FAILURE OF SINGLETON'S COUNSEL TO OBJECT TO THE CALCULATION OF THE SENTENCING GUIDELINES CONSTITUTED INEFFECTIVE ASSISTANCE**

Singleton next argues his counsel was ineffective for failing to object to the application of the U.S.S.G. § 2K2.1(c)(1)(A) cross-reference to U.S.S.G. § 2X1.1 on the grounds that the Government failed to cite specific firearms in the offense of conviction. The cross-reference provision at issue states:

(1) If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply—

(A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above[.]

U.S.S.G. § 2K2.1(c). Ultimately, the "district court's determination of the relationship between the firearm and another offense is a factual finding." *United States v. Hernandez*, 738 F. Appx. 307 (5th. Cir. 2018). Because this factual issue could have been resolved by the Court had Singleton raised it at sentencing, Singleton could not demonstrate plain error on appeal. *Id.* Additionally, the failure to object to the application of the cross-reference meant the Court was not required to make any explicit findings on the record as to whether the firearm was properly cited. *See U.S. v. Minotta-Gonzalez*, 232 F.3d 208 (5th. Cir. 2000). In the absence of an objection, the Court can implicitly make factual findings based on the record as a whole by adopting the PSR. *See United States v. Lockhart*, 844 F.3d 501, 513 (5th Cir. 2016).

The Court finds that Singleton did not suffer from ineffective assistance of counsel because he was not prejudiced by his counsel's failure to object. Even had Singleton's counsel objected to the application of the 2K2.1 cross-reference during sentencing, the Court would simply have explicitly found that there existed a sufficient nexus between the offense of conviction and the guideline enhancing conduct or offense. *See Kimler*, 167 F. 3d at 892 (failure to raise a meritless argument cannot be ineffective assistance of counsel).

"A sentencing court may consider any information which has sufficient indicia of reliability to support its probable accuracy." *U.S. v. Mitchell*, 166 F.3d 748, 754

(5th. Cir. 1999). In particular, the PSR "is considered reliable evidence for sentencing purposes," including evidence regarding the nexus between a firearm and the attempted commission of another offense. *Id.*

Pages 18-19 of the PSR reads as follows: "Jynes was driving a stolen GMC Yukon, which was occupied by *Singleton*, R.M., A.L., and 'Jazz.' During that time, R.M., received a telephone call from an individual known as 'B.O.' or 'Boozie.' 'Boozie' requested the contract killings of two individuals, M.H. and D.G., with whom he had an ongoing feud concerning illegal narcotics distribution in and around the Falstaff Brewery Apartments. 'Boozie' further relayed the current location of Hayes and Green in a vehicle near the carwash/detail stand, located at the intersection of Tulane Avenue and D'Hemecout Street. R.M. relayed the request to the other occupants of the vehicle, *all of whom were in possession of firearms,* and a collective decision was made to attempt the killing of M.H. and D.G." (Rec. Doc. 303 at 18-19).[5] The PSR then further details how the conspirators immediately attempted to carry out the contract killing. *Id.*

The PSR goes on to explicitly list the attempted murders of M.H. and D.G. as underlying offenses to Singleton's Count One conspiracy to use a firearm charge. (Rec. Doc. 303 at 22). By the very nature of a crime of conspiracy, there is a nexus between the act of conspiracy, here agreeing to attempt a murder with a firearm, and the immediately subsequent attempt to commit the underlying conspiracy offense, here the actual attempted murder of M.H. and D.G. In this scenario, there is no uncharged

---

[5] The information in the PSR is gathered from reports submitted by law enforcement officials. (Rec. Doc. 303 at 10).

offense to tie the firearm to. Rather the alleged guideline enhancing conduct is the object of the charged and pleaded to conspiracy. Consequently, the vast majority of cases wrestling with the application of the 2K2.1 cross-reference do so in the context of a felon in possession of a firearm, not 924(o) conspiracy charges. *See Mitchell*, 166 F.3d at 749; *see also U.S. v. Lamas*, 131 F. Appx. 977, 978 (5th. Cir. 2005); *United States v. Dalmau*, No. 14-CR-165-A, 2017 WL 3261719 (W.D.N.Y. Aug. 2017); *U.S. v. Cherry*, 572 F.3d 829, 830 (10th. Cir. 2009); *U.S. v. Harris*, 552 Fed. Appx. 432, 433 (6th. Cir. 2014).[6]

There is an innate logic at play here. A conviction under 922(g), felon in possession of a firearm, requires no proof of any other underlying guideline enhancing conduct, thereby necessitating that a connection to the guideline enhancing conduct be proved to some degree at sentencing. Conversely, a crime under 924(o) has "in furtherance of a drug trafficking crime or crime of violence" as an additional element present at conviction. Therefore, it is relatively simple to draw the link between the conspiracy and its underlying guideline enhancing offenses. For the foregoing reasons, the simple facts stated in the PSR provide sufficient support for the finding that the firearm Singleton possessed when conspiring to murder M.H. and D.G. is the same firearm he possessed during the actual attempt.

Perhaps realizing this to be a fatal flaw in his reasoning, the crux of Singleton's argument appears to be that the 2014 Amendments to the sentencing guidelines

---

[6] These are merely a small sampling of the number of felon in possession cases that grapple with the requisite nexus between the firearm and the other offense for purposes of the 2K2.1 cross-reference. The Court was unable to find one that entertained the same question on a 924(o) conspiracy to use firearms charge.

require the Government to "cite" the firearms with specificity, i.e. by serial number or some other uniquely identifying mark, in the charging instrument. USSG Supp. to App. C, Amend. 784, Reason for Amendment. This is incorrect. The ultimate determination of relationship between the firearm the other offense is still a "factual determination," not a formulaic requirement that the individual firearm be cited with specificity in the charging document. *See Hernandez*, 738 Fed. Appx at 739.

Although the Fifth Circuit has yet to directly address whether the 2014 Amendments require any sort of heightened level of specificity, other circuits have answered that question in the negative. *See United States v. Aberant*, 741 F. Appx. 905, 908 (4th. Cir. 2018) ("Nothing in the Guideline or the commentary requires that the firearm must be specifically identified in the charging instrument in order for the cross reference to apply."); *United States v. Edger*, 924 F.3d 1011, 1014 (8th. Cir. 2019) (holding that the phrase "cited in the offense of conviction" allows a district court to review the entire record, including the PSR, to determine whether a firearm is "cited," and that generic references to firearms suffice without the need for reference to make, caliber, or type.) Thus, Singleton's counsel was not ineffective for failing to raise an objection the 2K2.1 cross-reference, because it was properly applied.

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Clarence Singleton's *Motion to Vacate Sentence Under U.S.C. 28 § 2255* (Rec. Doc. 632) is hereby **DENIED** and an evidentiary hearing is not required.

New Orleans, Louisiana, this 3rd day of December, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE